UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY GREGORY, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 21-4039 |
| | ) |
| GERALD BUSTOS, et.al., | ) |
|    Defendants. | ) |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Defendants' Motion for a Protective Order [53]; and Plaintiff's Motion to Compel Discovery, [55]. For the reasons stated below, Defendants' Motion is GRANTED in part and DENIED in part [53], and Plaintiff's motion is GRANTED in part and DENIED in part [55].

I.  BACKGROUND

Plaintiff is a transgender woman who filed this lawsuit concerning her stay at the Rock Island County Jail (RICJ). Plaintiff was a convicted prisoner who was at the jail awaiting resentencing.

Plaintiff has the following claims before the Court:

> 1) Defendant Rock Island Sheriff Gerald Bustos violated Plaintiff's equal protection rights based on a policy and practice of placing transgender inmates in segregated confinement. Plaintiff believed she should be housed in a female cell block, not an isolated cell with greater restrictions. *See* July 27, 2021 Merit Review Order, p. 2-4.
>
> 2) Defendant Bustos violated Plaintiff's equal protection rights based on a policy and practice of allowing officers and inmates to sexually harass

1

transgender inmates. Plaintiff says staff and inmates repeatedly made derogatory comments and one inmate masturbated in front of her cell. *See* July 27, 2021 Merit Review Order, p. 3-4.

3) Defendant Bustos violated Plaintiff's equal protection rights based on a failure to properly train staff to supervise transgender inmates.

4) Defendants Jens Lape, Bustos, and Officer Jacob Ward failed to protect Plaintiff from the violation of his Eighth Amendment rights. Specially, Defendant Ward did not stop the inmate who was masturbating outside her cell, and Defendants Lape and Bustos refused to move Plaintiff despite continued derogatory comments based on her transgender status. *See* July 27, 2021 Merit Review Order, p. 7-8.

5) Defendant Bustos violated Plaintiff's rights in his official capacity pursuant to the ADA when he failed to reasonably accommodate Plaintiff's gender dysphoria.

6) Defendants Lape and Bustos violated Plaintiff's Eighth Amendment rights when they were deliberately indifferent to Plaintiff's serious mental health issues. Plaintiff says her mental health began to deteriorate when she was isolated from others and subject to verbal harassment. *See* July 27, 2021 Merit Review Order, p. 8

7) Defendants Lape and Bustos violated Plaintiff's due process rights when he was placed in segregation without a hearing.

8) Defendants Bustos, Lape, Cory Ruark, Chris O'Melia, Nicholas Rollins, and Ward violated the state law tort of intentional infliction of emotional distress. *See* July 27, 2021 Merit Review Order; February 25, 2022 Case Management Order.

Counts 1, 2, 3, and 5 are stated against Defendant Bustos in his official capacity.

All other claims are against the Defendants in their individual capacities.[1]

---

[1] The Court and the parties have numbered the surviving counts differently in different entries, but the same eight claims are consistently identified.

II. DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Defendants' have filed a Motion for a Protective Order Barring Certain Discovery including personnel files, photographs of inside the jail, and use of force reports unrelated to Plaintiff. (Def. Mot., [53]).

Federal Rule of Civil Procedure 26(b)(1) states: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A party seeking such discovery should point to something that demonstrates that the requested documents are both relevant and proportional to the needs of the case, as Rule 26 dictates." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, 2017 WL 5478297, at *4 (N.D. Ill. Nov. 15, 2017); *see also Autotech Techs. Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 440 (N.D. Ill. 2006) ("The initial inquiry in enforcement of any discovery request is one of relevance."). "If discovery appears relevant, the burden is on the party objecting to a discovery request to establish the request is improper." *Doe v. Loyola Univ. Chicago*, 2020 WL 406771, at *2 (N.D. Ill. Jan. 24, 2020).

If a discovery request is outside the scope permitted under Rule 26(b)(1), the Court must limit discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court may limit discovery in response to a motion under Rule 26(b), on its own, or by entering a protective order. *See Bennett v. Hyatte*, 2022 WL 3644149, at *3 (N.D.Ind. Aug. 24, 2022) (citations omitted).

Even if a discovery request in within the scope of Rule 26(b)(1), a court may still enter a protective order "for good cause shown ... to protect a party or person from

3

annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *See* Fed. R. Civ. P. 26(c)(1)(D). "The burden to show good cause is on the party seeking the order." *Autotech,* 235 F.R.D. at 440 (citation omitted). While "difficult to define in absolute terms, (good cause) generally signifies a sound basis or legitimate need to take judicial action." *McGee v. City of Chicago*, 2005 WL 3215558, at *1 (N.D.Ill. June 23, 2005); *see also Autotech,* 235 F.R.D. at 440 ("[c]onclusory statements" in support of good cause "are not sufficient.").

Finally, "[d}istrict courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Defendants argue three of Plaintiff's Requests for Production of Documents are not relevant or proportional to Plaintiff's claims. Request #10 asks for "all staff files of all named Defendants in this case, and that of Officer Laurie Cole, including any specialized training received, disciplinary reports, incident reports, investigations, administrative sanctions, reprimands, infractions, criminal charges, and/or anything else that relates to the performance of their employment." (Def. Mot., [53], Ex. A, #10).

Defendants maintain the personnel files contain highly sensitive, confidential, and private information. "Moreover, disclosure of these documents, especially to an incarcerated felon, creates security concerns, including officer harassment, threats, or danger to the officer and their families." (Def. Mot., [53], p. 3). Furthermore, Officer Cole is not a party to this case and Plaintiff has not presented a legitimate reason to obtain her personnel file.

4

In response, Plaintiff claims the personnel files are relevant to his claim alleging the Sheriff has a policy and practice of allowing officers to sexually harass transgender inmates. Plaintiff further notes the files will reveal if any of the Defendants had "any training." (Plain. Resp., [54], p. 3).

"[I]n analogous § 1983 cases alleging police misconduct, several courts have held that personnel files of defendants are discoverable" as they may lead to relevant evidence. *Trainauskas v. Jacob,* 2023 WL 121818, at *3 (N.D.Ill. Jan. 6, 2023), citing *Clark v. Ruck*, 2014 WL 1477925, at *2 (N.D. Ill. Apr. 15, 2014) (collecting cases). "However, courts also have limited discovery related to prison personnel files where those requests are not narrowly tailored or the relevance is unclear." *Id., citing Blank v. Poeschl*, 2020 WL 5517334, at *1 (E.D. Wis. Sept. 14, 2020) (finding that conduct reports and personnel files "carry a high risk of misuse at a prison and should not be disclosed."); *Jones v. Horsley*, 2019 WL 8643831, at *1 (W.D. Mich. Apr. 3, 2019) (sustaining objection to production of correctional officer's personnel file where plaintiff had not demonstrated relevance and "[t]he security risks are real and outweigh plaintiff's interests in the personnel file"); *Johnson v. Holt*, 2016 WL 74818, at *3 (M.D. Pa. Jan. 7, 2016) (denying prisoner's motion to compel that was focused on information in prison staff personnel files where prisoner did not explain the relevance of the missing information to his case); *Ruffino v. Faucher*, 2012 WL 3637636, at *2 (D. Conn. Aug. 22, 2012) (denying prisoner's request for personnel files that was not narrowly tailored and directly related to the issues in the case).

5

Plaintiff's request is overbroad and not appropriately tailored to his claims. The Court also agrees there are real security concerns in releasing entire personnel files. Nonetheless, Plaintiff does have a specific claim concerning the Sheriff's training of staff to supervise transgender inmates.

In response to Plaintiff's pending Motion to Compel Discovery, Defendants state they have previously "produced the polices and procedures relating to transgender and/or dysphoria inmates, as well as training procedures." (Def. Resp., [56], p. 2). Rather than order Defendants to provide entire, unrelated personnel files, the Court will require Defendants to state whether Defendants Lape, Ward, Ruark, O'Melia, and Rollins received the training concerning transgender inmates, and if so, the type of training and approximately when the training was provided.

As for Officer Cole, Plaintiff says a grievance and PREA report were filed against her, and her personnel file will demonstrate the Sheriff's response to this complaint. Plaintiff has attached a copy of a grievance he filed on August 31, 2021, against Officer Cole. Plaintiff says the Officer called him "Cory," and when Plaintiff said this was not her name, the Officer stated: "until you legally change your name, I'm calling you by it, now go back into your unit, Mr. Gregory." (Plain. Mot., [54], p. 7).

Again, Plaintiff's request is overbroad and seeks information which is not relevant to his claim. In addition, the Court has also advised Plaintiff for the accurate administration of prisoner cases, it also must refer to Plaintiff by her legal name. However, Plaintiff says Officer Cole took the additional step of refusing to refer to her as female. The Court will not require Defendants to provide the personnel file of

6

Officer Cory as it is not relevant or proportional to Plaintiff's claim. However, the Court will require Defendant Bustos to provide Plaintiff with a copy of any response to the grievance to the extent not previously provided.

Plaintiff's document request #11 asks for "any and all photographs of 4th floor detention." (Def. Mot., [53], Ex. A, #11). Defendants maintain disclosure of photographs from inside the jail is a threat to security because they can "show where security cameras are located, possible blind spots, response distances, coverage angles, layout of the facility, locking and similar mechanisms, and other information material to jail security." (Def. Mot.,[53], p. 3). Defendants further contend releasing all photographs could increase the risk of escape, endanger jail staff, and the safety of other inmates.

In her response, Plaintiff says since she was housed in 4th floor segregation, many of her claims occurred in this area and are therefore photographs are relevant. The Court disagrees. Plaintiff's claims concerning her incarceration in this unit pertain to her isolation and restrictions on movement outside her cell. Plaintiff's claim does not concern the layout of segregation or the specific conditions of the cell. Furthermore, Plaintiff has failed to explain how "any and all" photographs of the area are relevant to her claims. The Court will not require Defendants to provide photographs since Plaintiff's request is not clearly relevant to her claim, is not proportional to her claim, and raises security concerns.

Plaintiff's request #15 asks for "incident reports for every use of force by RICJ staff withing the last five (5) years." (Def. Mot., Ex. A, #11). Defendants argue Plaintiff's

7

request is completely irrelevant to her claims, and unduly burdensome given the size of the facility and number of altercations between staff and inmates.

Plaintiff maintains the record will "show a disregard for the rights of inmates and show a pattern of officers' possibly willingness to abuse their authority." (Plain. Resp., [54], p. 4).   However, Plaintiff does not allege any jail staff member physically assaulted her, nor does she allege any staff member ever inappropriately touched her. Plaintiff's request is not relevant or proportional to her claims and production of the requested documents is overly burdensome. The Court will not require Defendants to provide this information.

The Motion for a Protective Order is therefore granted in part and denied in part as noted. [53].

### III.  MOTION TO COMPEL

Plaintiff has filed a Motion to Compel Defendants to provide an additional response to other requests for documents. *See* Fed.R.Civ. 37(a)(1). Plaintiff claims the Defendants responses to Requests # 1, 9, and 16 were insufficient.

Plaintiff's first request asks for a complete copy of her booking record. (Plain. Mot., [55], p. 7).  Plaintiff claims Defendants provided some documents, but they did not include the booking photos from her previous incarceration in 2005 to 2006.

In response, Defendants state those documents were stored at a different location.  They have now located the requested information and provided copies to the Plaintiff.  This issue is now moot.

Plaintiff's request #9 asks for "any and all specialized training required for correctional officers at RICJ." (Plain. Mot., [55], #9).  Defendants objected stating it was overbroad and not relevant to Plaintiff's claims because Plaintiff does not clarify any specific type of training.  In addition, Defendants maintain the request is overly burdensome as it asks the facility to search every staff member's file for any kind of training regardless of rank or date provided.  Finally, as noted, Defendants state they have already given Plaintiff copies of policies, procedures, and training associated with transgender inmates.

The Court agrees Plaintiff's request is overbroad and unduly burdensome.  However, the Court has previously stated it will require Defendants to provide more information concerning any training provided to the named Defendants related to transgender inmates within the jail as this information is directly related to Plaintiff's claim.

Plaintiff's request #16 asks for "all criminal charges filed against RICJ staff in the last five years." (Def. Mot., [55], p. 10).  Defendants objected stating the request was not relevant to the party's claims, and any criminal charges against a Defendant were part of the public record.  The Court agrees Plaintiff's request is overbroad, unduly burdensome, and not proportional to his allegations

However, the Court will require the Defendants to state whether any of the named Defendants has ever been convicted of a criminal offense and if so, when and what offense.

IT IS THEREFORE ORDERED:

9

1) Defendants' Motion for a Protective Order, [53], is GRANTED in part and DENIED in part as follows:

>Defendants are NOT required to provide:
>
>a) personnel files for the named Defendants or Officer Cole;
>b) photographs of 4th floor segregation; and,
>c) incident reports regarding any use of force by jail staff.
>
>Defendants are required to:
>
>a)  identify any training Defendants Lape, Ward, Ruark, O'Melia, and Rollins received during their employment at the jail concerning transgender inmates including the type or name of training and the approximate date received.
>b) provide a copy of any response provided to Plaintiff's August 31, 2021 grievance concerning Officer Cole, (Plain. Resp., [54], p. 7-8).

2)  Plaintiff's Motion to Compel Discovery [55], is GRANTED in part and DENIED in part as noted.  Defendants must provide the information noted above concerning training provided to Defendants, and they must indicate if any named Defendant has been convicted of a criminal offense.

3) Defendants must provide Plaintiff the additional discovery concerning training, a grievance response, and criminal convictions within 21 days of this order or on or before March 3, 2023.

4) If Plaintiff wishes to supplement her response to the pending summary judgment motions based on the additional discovery, she must file this response on or before March 24, 2023.  Plaintiff is admonished the Court will only consider arguments and evidence which are limited to the NEW discovery responses.

5) If Plaintiff files a supplemental response, Defendants may file a reply within 14 days or on or before April 7, 2023.

Entered this 10th day of February, 2023.

                        s/ James E. Shadid

                      _____
                            JAMES E. SHADID
                      UNITED STATES DISTRICT JUDGE